**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| ECOFACTOR, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>VIVINT, INC.,<br><br>        Defendant. | Case No. 6:22-cv-00034-ADA<br><br>**JURY TRIAL DEMANDED** |

## VIVINT INC.'S MOTION TO TRANSFER VENUE

**TABLE OF CONTENTS**

I.     FACTUAL BACKGROUND ................................................................................ 3

       A.     Relevant Vivint Evidence Is Not Located in this District....................................... 4

       B.     Third-Party Evidence Related to the Accused Products Is Located in the
              Northern District of California.................................................................. 4

       C.     Third-Party Evidence Related to the Asserted Patents and EcoFactor's
              Activities Is Located in the Northern District of California. ................................ 6

       D.     In Related Proceedings, EcoFactor Has Confirmed that the Northern
              District of California Is Quite Convenient.......................................................... 6

II.    LEGAL STANDARDS ..................................................................................... 7

III.   ARGUMENT ........................................................................................................ 7

       A.     This Case Could Have Originally Been Brought in the Northern District of
              California. ....................................................................................................... 8

       B.     The Private Interest Factors Heavily Favor Transfer............................................. 8

              1.     The cost of attendance for witnesses will be less in California. ................ 9

              2.     Evidentiary access will be superior in the Northern District of
                     California. ............................................................................................ 11

              3.     Compulsory process in California will cover more likely witnesses........ 11

              4.     The practical factors are neutral................................................................. 12

       C.     The Public Interest Factors Favor Transfer. .......................................................... 12

IV.    CONCLUSION................................................................................................... 13

## TABLE OF AUTHORITIES

Cases

*Fintiv, Inc. v. Apple Inc.*,
 No. 6:18-cv-00372-ADA, 2019 U.S. Dist. LEXIS 171102 (W.D. Tex. Sept. 10, 2019) .......... 9

*In re Acer Am. Corp.*,
 626 F.3d 1252 (Fed. Cir. Dec. 2010) ......................................................... 9

*In re Genentech, Inc.*,
 566 F.3d 1338 (Fed. Cir. 2009) ................................................................. 9

*In re Volkswagen of Am. Inc.*,
 545 F.3d 304 (5th Cir. 2008) ..................................................................... 7

*VLSI Tech., LLC v. Intel Corp.*,
 No. 6:19-cv254, ECF No. 78 (W.D. Tex. Oct. 7, 2019)............................ 9

This case is one of many patent infringement cases brought by EcoFactor throughout the United States in the last three years against Vivint Inc. and other defendants, including Google, ecobee, and Alarm.com.  Those cases, which all involve similar patents, accused products, and accused technology, have been ligated in the International Trade Commission, the United States District Court for the District of Massachusetts, and this Court.  *See EcoFactor, Inc. v. Vivint Inc.*, 6:20-cv-0080 ("*EcoFactor I*"); *EcoFactor, Inc. v. Google LLC*, 6:20-cv-0075; *EcoFactor, Inc. v. Ecobee, Inc.*, 6:20-cv-0078.[1]  EcoFactor also filed another case against Alarm.com, Inc. in this Court and later dismissed it for refiling in the District of Massachusetts.  *See EcoFactor, Inc. v. Alarm.com, Inc.*, 6:20-cv-0076.

In January of this year, EcoFactor once again filed cases against Google, ecobee, and Vivint in this District, alleging infringement of U.S. Patent No. 8,131,497 and U.S. Patent No. 8,423,322 (among others asserted against Google and ecobee).  *See EcoFactor, Inc. v. Google LLC*, 6:22-cv-00032-ADA; *EcoFactor, Inc. v. Ecobee Inc.*, 6:22-cv-00033-ADA.  The same patents were also previously asserted by EcoFactor against the same defendants (including Vivint) in both the ITC and the District of Massachusetts.  *See, e.g.*, *EcoFactor, Inc. v. Vivint, Inc.*, 1:19-cv-12327-FDS, Dkt. No. 1.  On the same day Ecofactor filed the instant case, it non-suited its aforementioned cases in Massachusetts immediately before filing the instant case.  *Id*. at Dkt. No. 13.  On the same day, Google filed a declaratory judgment complaint in the Northern District of California, asserting non-infringement of the same patents.  *See Google LLC v. EcoFactor, Inc.*, Case No. 4:22-cv-00162-JSW, Dk. No. 1.  Ecofactor has moved to dismiss Google's declaratory judgment under the

---

[1] Two of EcoFactor's recent cases against other defendants—one of which asserts the same patents asserted here—were filed in the District of Oregon and, most recently, in the Central District of California.  *See EcoFactor v. PointCentral.com*, No. 6:22-cv-00055, D.I. 1 (D. Or. Jan. 10, 2022); *EcoFactor v. LG Electronics Inc.*, No. 8:22-cv-00103, D.I. 1 (C.D. Cal. Jan. 22, 2022).

first-to-file rule, and the hearing on that motion is set for May 20, 2022. *Id*. at Dkt. No. 26, 40. Google has moved to stay the corresponding case in this Court pending a decision on EcoFactor's motion to dismiss the California declaratory judgment case. *See EcoFactor, Inc. v. Google LLC*, 6:22-cv-00032-ADA, Dkt. No. 14.

The District of Massachusetts has already determined that EcoFactor's efforts to move its claim on the patents-in-suit constitute "clear forum shopping." *See ecobee Technologies ULC v. EcoFactor, Inc*, 1:22-cv-10049-PBS, Dkt. No. 45 at 2. In that case, ecobee contemporaneously filed a complaint for declaratory judgment in the District of Massachusetts, asserting noninfringement of the same patents as are asserted in this case. That court denied EcoFactor's motion to dismiss that case in favor of proceeding in this Court, given EcoFactor's forum shopping. *Id*.

It is noteworthy that neither Vivint nor EcoFactor have any relevant witnesses or evidence in this District. The U.S. third parties that design and provide Vivint accused products are based in California. Those third parties possess the detailed technical evidence relating to the operation of the accused products, including any source code for those products. Vivint does not have access to that information. EcoFactor itself is based in the Northern District of California and developed the asserted patents in that forum. In conjunction with its development efforts, EcoFactor collaborated with institutions in the Northern District of California like the University of California to develop its thermostat technologies. A named inventor and EcoFactor's main business partners and licensee are also present there. Indeed EcoFactor's connections to California are so robust that, in the recent ITC Investigation, EcoFactor insisted that Vivint must physically drive its back-end source code (for those systems for which Vivint does possess technical information) from Utah

to the Northern District of California so that EcoFactor and its experts could conveniently review the code there.

EcoFactor appears to accuse Vivint of infringing the asserted patents through the sale of third-party thermostats, which include the Nest Thermostats designed, manufactured, and sold by Google.  Indeed EcoFactor's infringement contentions for both asserted patents include multiple references to the Nest Thermostats.  *See* Ex. A, B.  Google technology, witnesses, and evidence are therefore a relevant part of this case.  As established by Vivint's motion to transfer venue in *Ecofactor I* (*see* 6:20-cv-0080-ADA, Dkt. No. 21; hereafter, the "0080 Vivint Motion"), Google is headquartered in the Northern District of California, has always operated there, and has no relevant witnesses or evidence in the Western District of Texas.  As established by the 0080 Vivint Motion, all likely evidence and witnesses about the Nest Thermostats that may be relevant to this patent case are located in California.  EcoFactor's prior arguments to the contrary have proven inaccurate.  In over two years of litigating against Google and Vivint, EcoFactor has not subpoenaed, deposed, or called a single Texas witness, including in its recent trial against Google in Waco.  *See Google LLC v. EcoFactor, Inc.*, 4:22-cv-00162-JSW, Dkt. No. 34 at 13.  While EcoFactor argued in response to Vivint's motion to transfer in *EcoFactor I* that it had identified four Vivint employees in Texas likely to have information relevant to the case,  Ecofactor failed to subpoena or depose a single one of them.  *See EcoFactor, Inc. v. Vivint Inc.*, 6:20-cv-0080, Dkt. No. 28 at 6.

Accordingly, transfer under 28 U.S.C. § 1404(a) is warranted to maximize judicial efficiency as well as the convenience and conservation of resources by the parties and courts.

## I.   FACTUAL BACKGROUND

The Court is already aware of and may take judicial notice of the relevant facts relating to EcoFactor and the aspects of this case relating to the Google Nest products (including their

connections to the San Francisco Bay Area).  *See* 0080 Vivint Motion at 1-4.  Vivint hereby requests that the Court take judicial notice from its file of all such facts, and Vivint incorporates the 0080 Vivint Motion and its cited sources by reference to the extent necessary to formally establish the record.

In addition, the following facts are relevant to this motion.

**A.    Relevant Vivint Evidence Is Not Located in this District.**

In this case, EcoFactor accuses the CT100 and CT200 thermostats, as well as various Vivint panels and backend systems.  *See* Dkt. No. 1, Complaint ¶¶12, 23.

Vivint does not design or manufacture the accused thermostats and, therefore, Vivint does not possess any unique technical evidence—any such domestic evidence is instead in the hands of third parties in California.  *See infra* at Section I.B.

Vivint does design and maintain the Smart Comfort system, which comprises back-end source code for cloud-based systems.  (Lundberg Decl. ¶3.)  Vivint's back-end systems are designed, implemented, and maintained by a team of engineers based in the Salt Lake City, Utah area.  (Lundberg Decl. ¶¶3-4.)  There are no Vivint employees or others in Texas who are responsible for these back-end systems.  (Lundberg Decl. ¶4.)  While Vivint disputes that this code is relevant based on EcoFactor's current infringement allegations, it is worth noting that this source code is not related to any specific thermostat or accused product in the case.  (Lundberg Decl. ¶3.)  In fact, these back-end systems are designed to be "device agnostic" and are therefore operable with most modern thermostat devices, including the accused thermostats.  (Lundberg Decl. ¶13.)

**B.    Third-Party Evidence Related to the Accused Products Is Located in the Northern District of California.**

Relevant evidence regarding the accused thermostats and panels resides in the hands of third parties in California, and also potentially in Asia.

For example, both the CT100 and CT200 thermostats are designed, developed, and manufactured by third parties that Vivint does not control.  (Lundberg Decl. ¶5.)  Golden Power Manufacturing Limited designed and supplied the accused CT100 product.  (Lundberg Decl. ¶7.)  That company, to Vivint's knowledge, is located at 10/F Kwan Chart Tower, 6 Tonnochy Road, Wanchai, Hong Kong.  (Lundberg Decl. ¶9.)   Radio Thermostat Company of America, Inc. designed and supplied the accused CT200 product (Vivint Element).  (Lundberg Decl. ¶8.)  That company is based in California, with an address at 4120 Dale Road, Suite J-8 #135, Modesto, CA.  (Lundberg Decl. ¶10.)   Because the accused CT100 and CT200 thermostats are third-party products, Vivint has limited access to technical documentation for the products and has no access to their third-party confidential source code, technical specifications, and bills of materials for these products.  (Lundberg Decl. ¶6.)  Indeed Vivint no longer sources or offers the accused CT100 product for sale.  (Lundberg Decl. ¶11).

Similarly, Vivint's work related to the design and development of the accused Vivint panels occurred in its Salt Lake City, Utah area offices.  (Lundberg Decl. ¶15).  The accused Vivint Smart Hub and SkyControl panels were manufactured by TSC, which is located in China, while the Glance Display was manufactured by Nortec, which is headquartered in Taiwan.  (Lundberg Decl. ¶16)

To the extent EcoFactor contends that Vivint infringes the asserted patents in conjunction with Google products, Vivint is not involved in the design or manufacture of the Google Nest Thermostats.   (Lundberg Decl. ¶13.)   The relevant evidence relating to the Google Nest Thermostats resides in the Northern District of California.

**C.      Third-Party Evidence Related to the Asserted Patents and EcoFactor's Activities Is Located in the Northern District of California.**

One third-party named inventor, John D. Steinberg, is located in the Northern District of California.  *See* Ex. C.  The other third-party named inventor, Scott D. Hublou, is located in Eagle, Idaho, which is more than 1000 miles closer to San Francisco than to Waco.  *See* Ex. D, E, F.  And EcoFactor worked with several institutions in Northern California that are likely to have information relevant to the asserted patents or potential prior art.  *See* 0080 Vivint Motion at 4-5. For example, EcoFactor has conceded that it partnered with the Center for the Built Environment at the University of California, Berkeley ("UC Berkeley") in or around 2008 to develop thermostat technology.  *Id*.  EcoFactor also received grant funding from the University of California's California Institute for Energy and Environment to help develop its products.  *Id*.  UC Berkeley is a source of potential prior art for thermostat technology, including an April 2006 report on Thermostat development, and a 2007 graduate thesis on wireless sensor networks for thermostats. *Id*.  Additionally, EcoFactor has stated publicly that it has a partnership for product service and support with Bidgely, Inc., a company based in the Northern District of California.  *Id*.  As a result, the majority of the third-party witnesses subpoenaed in *Ecofactor I* resided in the Northern District of California, as discussed *infra* at Section III.B(1).  And nearly all Google fact witnesses proffered by EcoFactor, including those in its recent trial against Google in Waco, have resided in the Northern District of California.  *See Google LLC v. EcoFactor, Inc.*, 4:22-cv-00162-JSW, Dkt. No. 34 at 13.

**D.      In Related Proceedings, EcoFactor Has Confirmed that the Northern District of California Is Quite Convenient.**

EcoFactor is based in the Northern District of California.  *See* Complaint ¶1-2.  EcoFactor has embraced its situs in that forum and, in related actions, has made efforts to bring evidence into the Northern District of California, including in its litigation campaign against Vivint and other

defendants now before this Court.   For example, Vivint recently defended allegations of infringement brought by EcoFactor in International Trade Commission Investigation No. 337-TA-1185 (hereafter, the "ITC Investigation").   (Lundberg Decl. ¶1).   In order to complete fact discovery in the ITC Investigation in light of the Covid-19 pandemic, EcoFactor insisted on certain accommodations, which included transport and delivery of Vivint's back-end source code to locations in the Northern District of California for inspection by EcoFactor's experts in the ITC Investigation.   (Lundberg Decl. ¶2).   EcoFactor refused inspection of Vivint's source code in locations outside the Northern District of California.   *Id.*

## II.   LEGAL STANDARDS

The Court is well-aware of the standard for evaluating transfer under § 1404(a).   The private and public "Volkswagen" factors are

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive[;] … [5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interests decided at home; [7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am. Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (internal quotations and citation omitted).

## III.   ARGUMENT

The facts of this case are noteworthy—numerous relevant people and entities (including third parties, suppliers, prior artists, inventors, and litigants) have significant material connections to the Northern District of California.   In contrast, there is very little connection between this District and the evidence, witnesses, and third parties relevant to the case.   Vivint thus respectfully

submits that the Court should transfer this case to the Northern District of California for the convenience of the parties and judicial efficiency.

**A.**     **This Case Could Have Originally Been Brought in the Northern District of California.**

As a threshold matter, EcoFactor could have filed this lawsuit in the Northern District of California because Vivint's sales and operations there are at least as robust as its connections to this District.  Vivint maintains sales and service offices in the Northern District of California and otherwise sells its products and services there. (Lundberg Decl. ¶17.)

**B.**     **The Private Interest Factors Heavily Favor Transfer.**

All relevant party and third-party evidence is either already in the Northern District of California or much closer to the transferee court than to this District, while neither party has any relevant non-litigation connection to the Western District of Texas.  The Northern District of California would also clearly be more convenient for all identified likely witnesses.

As explained above, the parties and asserted patents have close ties to California. EcoFactor's infringement allegations target multiple thermostat products that were designed and manufactured by companies based in the Northern District of California—Radio Thermostat Company of America designs the CT200 thermostat, and Google LLC designs the Nest Thermostats.  Likewise, EcoFactor is based in Northern California, and the asserted patents were developed there.  Multiple potentially relevant relationships and prior art sources associated with UC Berkeley also exist there.  Vivint's principal place of business, in Provo, Utah, is 497 miles closer to the San Francisco courthouse than to the Waco courthouse.  *See* Complaint ¶6; *see* Ex. G, H.  And many likely third-party witnesses are already located in the Northern District of California.  Accordingly, the relevant private and public factors of § 1404(a) favor transfer.  As a

matter of convenience, there is no substantial basis for retaining this lawsuit in Texas based on the following factors.

### 1.   The cost of attendance for witnesses will be less in California.

The Federal Circuit has established that "[t]he convenience of the witnesses is probably the single most important factor in the transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (internal citation omitted); *see also VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv254, ECF No. 78 at 7 (W.D. Tex. Oct. 7, 2019) (noting that "the relative convenience to key witnesses is accorded greater weight"). The Court "looks at the totality of the circumstances, including but not limited to, the witness's title and relevant experience, the likelihood that a witness may have relevant information, the number of witnesses, the location of those witnesses, whether the testimony of those witnesses goes to an element of a claim . . . ." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372-ADA, 2019 U.S. Dist. LEXIS 171102, at *11-12 (W.D. Tex. Sept. 10, 2019).

The expected witnesses and the expense for their participation in this case demonstrate that this dispute will be most conveniently tried in the Northern District of California. *See In re Acer Am. Corp.*, 626 F.3d 1252 at 1255 (Fed. Cir. Dec. 2010) (finding "the combination of multiple parties being headquartered in or near the transferee venue and no party or witness in the plaintiff's chosen forum is an important consideration."). EcoFactor itself is based in the Northern District of California. *See* Complaint ¶1-2. EcoFactor's initial disclosures in *EcoFactor I* listed Shayan Habib and Glen Okita as persons with knowledge of potentially discoverable facts; both are employees of EcoFactor who reside in the Northern District of California. *See* Ex. I at 3, Ex. J, Ex. K.

Vivint's principal place of business in Utah is 497 miles closer to the San Francisco courthouse than to Waco. *See supra* at Section III.B. The same is true of Vivint's witnesses including Brandon Bunker, a Vivint employee who resides in Utah. See Ex. L at 3. EcoFactor

asserted in response to Vivint's motion to transfer in *EcoFactor I* that Ecofactor had identified four Vivint employees in Texas who were supposedly likely to have information relevant to the case, but Ecofactor failed to subpoena or depose a single one of them.   *See EcoFactor, Inc. v. Vivint Inc.*, 6:20-cv-0080, Dkt. No. 28 at 6.

Furthermore, the list of third-party witnesses who reside (and were issued subpoenas in *EcoFactor I*) in the Northern District of California is long and distinguished:

- Kleiner Perkins, 2750 Sand Hill Rd, Menlo Park, CA 94025.  *See* Ex. M.

- Trae Vassallo, 2973 Woodside Road, Woodside, CA 94062.  *See* Ex. N.

- Gianna Orozco, 70 Inyo Place, Redwood City, CA 94061-4122.  *See* Ex. O.

- Quan Cao, 34804 Blackstone Way, Freemont, CA 94555-3210.  *See* Ex. P.

- Sergey Finkelstein, 204 Santa Rita Court, Los Altos, CA 94022-1095.  *See* Ex. Q.

- Bidgely Inc. c/o Abhay Gupta, 110 Pioneer Way, Suite G, Mountain View, CA 94041.  *See* Ex. R.

- The University of California, Berkeley, 101 Durant Hall, MC 2930, Berkeley CA 94720-2930.  *See* Ex. S.

- Matthew Plante, 542B Presidio Blvd, San Francisco, CA 94129.  *See* Ex. T.

And one of the third-party named inventors (John D. Steinberg) is located in the Northern District of California, while the other (Scott. D. Hublou) resides over 1000 miles closer to San Francisco than to Waco.  See Ex. C, D.  By contrast, only a <u>single</u> third-party entity was subpoenaed in *EcoFactor I* in this District, and that was Trane, Inc., which is headquartered in Ireland and has U.S. offices across the country, including in San Francisco.  *See* Ex. U. Accordingly, for EcoFactor, Vivint, and the majority of likely third-party witnesses, the Northern District of California is the clearly more convenient location.

### 2. Evidentiary access will be superior in the Northern District of California.

Under Fifth Circuit guidance, relative ease of access to sources of proof remains an important factor. *Volkswagen*, 545 F.3d at 316. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345 (citation omitted).

None of the relevant sources of proof are in this District. Instead, they are all in either Utah (in or near Vivint's principal place of business), or in the Northern District of California. EcoFactor's own evidence—and evidence related to the development of its asserted patents and EcoFactor's relevant business relationships—is also all in the Northern District of California. *See* 0080 Vivint Motion at 1-5. Indeed as noted above, EcoFactor itself has previously demanded that Vivint transport relevant evidence to the Northern District of California for EcoFactor's own convenience. And in over two years litigating against Google and Vivint, including in its recent trial against Google in Waco, ***EcoFactor never subpoenaed, deposed, or called a single Texas witness***. *See Google LLC v. EcoFactor, Inc.*, 4:22-cv-00162-JSW, Dkt. No. 34 at 18. Rather, most of EcoFactor's evidence and witnesses have been located in and come from the Northern District of California. *Id*. Coupled with the other evidence already residing in the transferee forum, the Northern District of California is the most appropriate venue for this case.

### 3. Compulsory process in California will cover more likely witnesses.

Given the Northern District of California situs of most third-party evidence related to EcoFactor and the asserted patents and many other witnesses in California, *see supra* at Section III.B(1), this factor favors transfer to the Northern District of California.

Furthermore, third-party information in the United States regarding the accused Vivint CT200 and CT100 thermostats resides with Radio Thermostat Company of America, Inc., located in Modesto, California.  (Lundberg Decl. ¶10.)  EcoFactor's infringement contentions also accuse Vivint of using the Google Nest Thermostat.  Google, of course, is located in the Northern District of California, and has no relevant witnesses or evidence in this District.  *See* 0080 Vivint Motion 1-5.  Other accused products, including the accused Vivint panels, are manufactured outside of the United States. (Lundberg Decl. ¶9, ¶16.)  Vivint's design and development efforts on back-end source code and panels occurred in or near Salt Lake City, Utah, which is nearly 600 miles closer to San Francisco than to Waco.  (Lundberg Decl. ¶3, ¶15.); *see* Ex. V, W.  Vivint has no employees or vendors responsible for its back-end systems in this District.  (Lundberg Decl. ¶4.)  Nick Brown, Brandon Bunker, and Sean Ricks—Vivint personnel who testified in *Ecofactor I*—are similarly much closer to the Northern District of California than to this District, as they reside in Utah.  *See* Ex. X, Y, Z.

Finally, many likely third-party witnesses are subject to compulsory process in the Northern District of California, including a third-party named inventor, as well as most of the third-parties that were issued subpoenas in *EcoFactor I*, *see supra* at Section III.B(1).

### 4. The practical factors are neutral.

There are no practical factors that counsel against transfer at this stage of the case. EcoFactor filed this case and the related cases in January 2022.  There are no pending motions or disputes before the Court.  Therefore, transfer at this point will not delay the case.

### C. The Public Interest Factors Favor Transfer.

The Northern District of California holds a demonstrable interest in this litigation given that multiple companies based there have designed and developed the thermostats at issue in the case.  The Vivint CT200 thermostat is designed and developed in the Northern District of

California by Radio Thermostat Company of America.  The Nest Thermostat was designed and developed by Google in the Northern District of California.  The only other accused Vivint-branded thermostat is designed and manufactured by a foreign company, and that thermostat is no longer offered for sale by Vivint, making it a minor aspect of this case.  Given the other connections to the Northern District of EcoFactor and relevant third parties, there is no district with more extensive connections and interest to the litigations now before the Court.  The time to trial in the Northern District of California is currently 30.9 months, only slightly longer than 25.5 months in this District.  *See* Ex. AA.  Accordingly, the balance of public interest factors weighs in favor of transfer.

## IV.    CONCLUSION

Considering the unique facts in this case, the private and public factors demonstrate the Northern District of California is the most appropriate venue for this case.  That forum will foster the convenience of the litigants, third parties, and judicial economy.  For the foregoing reasons, Vivint respectfully requests that the Court transfer this case to the Northern District of California.

Date: May 2, 2022

Respectfully submitted,

By: */s/      Fred I. Williams*
Fred I. Williams (Lead Attorney)
Texas State Bar No. 00794855
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com

Todd E. Landis
State Bar No. 24030226
tlandis@wsltrial.com
Williams Simons & Landis PLLC
2633 McKinney Avenue, Suite 130 #366
Dallas, TX  75204
Telephone: (512) 543-1357

13

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
Williams Simons & Landis PLLC
1735 Market Street, Suite A #435
Philadelphia, PA 19103
Telephone: (512) 543-1373

*Attorneys for Defendant Vivint, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on May 2, 2022, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5.

By: */s/ Fred I. Williams*
      Fred I. Williams

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Vivint, Inc. and counsel for Plaintiff EcoFactor, Inc. met and conferred, counsel for EcoFactor, Inc. indicated they were opposed to the foregoing motion.

By: */s/ Fred I. Williams*
      Fred I. Williams

15