IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ECOFACTOR, INC., *Plaintiff* | § § § § § § § § | W-22-CV-00034-ADA |
| -vs- | | |
| VIVINT, INC., *Defendant* | | |

### ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant Vivint, Inc.'s ("Vivint's") Motion to Transfer Venue to the Northern District of California. ECF No. 16. Plaintiff EcoFactor, Inc. ("EcoFactor") opposes the motion. ECF No. 28. Vivint filed a Reply to further support its motion. ECF No. 33. After careful consideration of the parties' briefs and the applicable law, the Court **DENIES** Vivint's motion to transfer venue to the Northern District of California.

### I.   FACTUAL BACKGROUND

In its complaint, EcoFactor claims Vivint infringes on U.S. Patent Nos. 8,131,497 ("the '497 Patent") and 8,432,322 ("the '322 Patent") (collectively, the "Asserted Patents"), which relate to smart thermostat systems. ECF No. 1 ¶¶ 1, 4. EcoFactor, the owner of the Asserted Patents, is a privately held company with its principal place of business and headquarters in Palo Alto, California. *Id.* ¶ 5. Vivint is a Utah corporation with its principal place of business in Utah. *Id.* ¶ 6. In addition to its headquarters in Utah, Vivint claims that it operates "sales and service offices" within the NDCA. ECF No. 16 at 8.

EcoFactor alleges that Vivint's products infringe the Asserted Patents. ECF No. 1 ¶ 10. Specifically, EcoFactor accuses Vivint-branded thermostats, including Vivint Element, CT200,

1

and CT100; Vivint-branded panels, including SkyControl panel, Smart Hub, and Glance displays; the Vivint cloud or backend systems and servers; Vivint's user interfaces, mobile applications and related accessories; Vivint's remote temperature, motion, and occupancy sensors; and Vivint Go!Control. *Id.* ¶¶ 12, 23. The Court will refer to these products collectively as the "Accused Products."

In addition to this case, EcoFactor has filed two other cases in this District alleging infringement of the Asserted Patents. *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00032-ADA (W.D. Tex. Jan. 10, 2022); *EcoFactor v. ecobee, Inc.*, No. 6:22-cv-00033-ADA (W.D. Tex. Jan 10, 2022). Additionally, EcoFactor has six other pending cases in this District involving related technology. *EcoFactor, Inc. v. ecobee, Inc.*, No. 6:20-cv-00078-ADA (W.D. Tex. Jan 31, 2020); *EcoFactor, Inc. v. Vivint, Inc.*, No. 6:20-cv-00080-ADA (W.D. Tex. Jan. 31, 2020); *EcoFactor, Inc. v. Ecobee, Inc.*, No. 6:21-cv-00428-ADA (W.D. Tex. Apr. 28, 2021); *EcoFactor, Inc. v. Amazon.com, Inc.*, No. 6:22-cv-00068-ADA (W.D. Tex. Jan. 18, 2022); *EcoFactor, Inc. v. Resideo, Inc.*, No. 6:22-cv-00069-ADA (W.D. Tex. Jan. 18, 2022); *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00350-ADA (W.D. Tex. Apr. 1, 2022). Earlier this year, this Court presided over a trial involving related patents owned by EcoFactor. *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex. Jan. 31, 2020) (jury trial began on Jan. 31, 2022).

After answering EcoFactor's complaint, Vivint filed the instant motion to transfer. ECF No. 16. Vivint does not directly argue that the Western District of Texas ("WDTX") is an improper venue for this case; instead, it argues that the Northern District of California ("NDCA") is a more convenient forum, pointing to the location of relevant witnesses, the location of relevant records, and the local interest in California. *Id.* at 9−11, 12−13. EcoFactor contends that the case should remain in the WDTX, arguing that Vivint has not shown that the case could have been brought in

2

the NDCA. ECF No. 28 at 3. EcoFactor also argues that the case should remain in the WDTX because the NDCA is not a convenient forum, pointing to, among other factors, the lack of witnesses in the NDCA, the lack of sources of proof in the NDCA, and the other pending cases in this Court involving related technology. *Id.* at 1.

## II. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing

from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III.   DISCUSSION

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—here, the NDCA. To satisfy § 1404(a)'s threshold determination, the movant must show that venue and jurisdiction would have been proper in the transferee forum when the plaintiff filed suit. *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2022 WL 958384, at *5 (W.D. Tex. Mar. 25, 2022). A defendant does not satisfy this burden by merely consenting to jurisdiction in the transferee forum. *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). And the defendant cannot, only for purposes of satisfying § 1404(a), concede that jurisdiction in the transferee forum is proper while simultaneously "maintaining that jurisdiction is legally improper in [the transferee forum]

4

and reserving its right to seek dismissal" on that ground once transfer is complete. *Monolithic Power Sys.*, 2022 WL 958384, at *5; *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[A]bsent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.").

Venue is proper in a transferee forum if: (1) the defendant resides in the district or (2) the defendant has committed acts of infringement and has a regular and established place of business in the district. 28 U.S.C. § 1400. For the purposes of patent venue, a domestic corporation resides in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 267−68 (2017). The parties do not dispute that the defendant, Vivint, is incorporated in the State of Utah. ECF No. 1 at ¶ 6; ECF No. 11 at ¶ 6. Thus, Vivint does not reside in the NDCA.

Venue can only be proper in the NDCA if Vivint has committed acts of infringement in the district and has a regular and established place of business in the district. The parties do not appear to contest whether Vivint has committed acts of infringement in the NDCA. ECF No. 16 at 8 ("Vivint . . .otherwise sells its products and services [in the NDCA]."); ECF No. 28 at 4 (arguing only that Vivint has failed to show that it has a regular and established place of business in the NDCA). Therefore, to determine whether Vivint has shown that venue is proper in the NDCA, the Court only needs to consider whether Vivint has a regular and established place of business in that district.

The Federal Circuit has explained that "a regular and established place of business" requires: (1) a physical place in the district, (2) a regular and established place of business, and (3) the place is of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). These requirements will be considered below.

1. A Physical Place in the District

According to the Federal Circuit, "a regular and established place of business" within the meaning of § 1400(b) requires a physical place in the district. *Id.* at 1362. To have a "physical place" in the district, the defendant must have "a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* (emphasis added). The "physical place" does not have to be a "formal office or store." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

Vivint's declarant, Jim Lundberg, stated that Vivint has "sales and service offices in California, including in the Northern District of California." ECF No. 16-1 ¶ 17. In a deposition, Vivint's representative, Chance Morby, explained that Vivint's "sales offices" are physical locations, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ they still are physical places in the NDCA. Based on Mr. Morby's description of Vivint's "sales offices" in the NDCA, the Court finds that Vivint has shown that it has a "physical place" in the NDCA, as required to prove venue is proper in that district.

2. A Regular and Established Place of Business

The Federal Circuit has concluded that for a business to be "regular and established" it must be operated in a "'steady[,] uniform[,] orderly[, and] methodical' manner." *In re Cray Inc.*, 871 F.3d at 1362. "[S]poradic activity cannot create venue." *Id.* A business is not "regular" if it operates on a temporary basis. *Id.* A business is not "established" if it is merely transient. *Id.* To determine whether a business is "temporary" or "transient," the Federal Circuit has created a

6

spectrum. *Id.* at 1363. On one end of the spectrum is *Knapp-Monarch Co. v. Casco Products Corp.*, where the court determined that a rented space at a semiannual trade show was not "regular and established." 342 F.2d 622, 625 (7th Cir. 1965). On the other end of the spectrum is *Remington Rand Business Services v. Acme Card System Co.*, where the court determined that an office that had been continuously operated for five years in a district was "regular and established." 71 F.2d 628, 629 (4th Cir. 1934).

EcoFactor argues that Vivint's offices in the NDCA are not "regular and established" because they are temporary. ECF No. 28 at 4. EcoFactor points to deposition testimony from Mr. Morby that explicitly states that Vivint's "sales offices" are "temporary." *Id.*; ECF No. 28-2 at 39. EcoFactor argues that Vivint has failed to provide specific facts to establish that it has a regular and established place of business in the NDCA. ECF No. 28 at 4. In response, Vivint argues that its declarant, Mr. Lundberg, stated that Vivint had "sales **and** service offices" in the NDCA. ECF No. 33 at 10. Vivint claims that even if its "sales offices" are temporary, EcoFactor has not proven that Vivint's "service offices" are temporary. *Id.* Vivint also argues that EcoFactor cannot claim that venue is improper in the NDCA on these grounds because Vivint's offices in the WDTX are also ■■■■■■■■■■■■■■■■■■■■■■■■

Based on Mr. Morby's deposition transcript, Vivint's "sales offices" ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Mr. Morby's deposition transcript suggests that Vivint does not operate permanent sales offices in the NDCA. Rather, Vivint provides ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Vivint has not provided any evidence regarding any of its offices in the NDCA to refute EcoFactor's arguments. In fact, the only information Vivint has provided about its offices in the NDCA is one sentence from Vivint's declarant: "Vivint maintains sales and service offices in California, including in the Northern District of California."

7

ECF No. 16-1 ¶ 17. The only specific facts regarding Vivint's offices in the NDCA are from Mr. Morby's deposition.

Based on the evidence available, the Court concludes that Vivint's offices in the NDCA are merely "temporary" and do not qualify as a "regular and established place of business" for the purposes of patent venue. The facts of this case are more similar to *Knapp-Monarch Co.* than *Remington Rand*. Like the defendant in *Knapp-Monarch Co.*, who participated in a semiannual trade show, 342 F.2d at 625, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Further, like in *Knapp-Monarch Co.*, where the defendant did not seem to operate any other offices outside of its rented space at the semiannual trade show, 342 F.2d at 624, the Court only has evidence of Vivint's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. And finally, unlike the defendant's office in *Remington Rand*, which was operated continuously for more than five years, 71 F.2d at 629, Vivint has admitted that its sales offices are "temporary" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, based on the evidence provided, the Court concludes that Vivint has failed to show that its offices in the NDCA are "regular and established" to support a finding of venue in that district.

The Court finds that Vivint's argument that venue is proper in the NDCA because its "service offices" in that district may not be temporary is unpersuasive. While Vivint has complained that "EcoFactor has not demonstrated that Vivint's service offices in the N.D. Cal. are not permanent places of business," ECF No. 33 at 10, Vivint, not EcoFactor, has the burden of proof here. Nothing in Mr. Lundberg's declaration or Vivint's motion suggests that its "sales offices" and its "service offices" are two independent offices operated by Vivint in the NDCA. The "sales offices" discussed in Mr. Morby's deposition may be the same offices as Vivint's "service offices" in the district. Vivint has not provided the Court with any additional evidence of

Vivint's "service offices" in the NDCA. The Court finds that Mr. Lundberg's claim that there are "sales and service offices" in the NDCA, in view of Mr. Morby's deposition testimony showing that the "sales offices" are temporary and without any additional evidence to show a regular and established place of business in the NDCA, is insufficient to show that venue is proper.

The Court rejects Vivint argument that EcoFactor cannot dispute whether venue is proper in the NDCA on these grounds because Vivint's offices in this District are also ███████ ███. If Vivint wished to dispute whether venue was proper in this District, it had the opportunity to do so at the pleadings or motion-to-dismiss stage. FED. R. CIV. P. 12(h)(1)(B) (explaining that a party waives its defense of improper venue if it omits it from a motion under Rule 12 or fails to include it in a responsive pleading). While the Court makes no determination on whether venue is proper in this District, even if venue were improper here, EcoFactor still reserves the right to oppose Vivint's Motion to Transfer Venue on any available ground.

Because Vivint has failed to show that it has a regular and established place of business in the NDCA, the Court does not consider whether third step in the analysis, whether the place is "of the defendant." *See in re Cray Inc.*, 971 at 1360.

### IV.  CONCLUSION

The Court finds that Vivint failed to meet the threshold determination under § 1404(a). Because the threshold determination is not met, the Court denies Vivint's Motion without reaching the public and private interest factors.

9

**IT IS THEREFORE ORDERED** that Vivint's Motion to Transfer Venue to the Northern District of California is **DENIED** (ECF No. 16).

**SIGNED** this 17th day of November, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE